UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MARY K. BARTRUM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO.: 1:06-CV-223** |
| | ) | |
| **MICHAEL J. ASTRUE,**[1] | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Mary K. Bartrum brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On July 19, 2007, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 21.) Bartrum filed a motion and a supplemental motion to recover attorney fees in the amount of $5,605.20 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 23, 33.) The Commissioner opposes Bartrum's fee request, arguing that its litigation position was "substantially justified." (Docket # 27.) For the following reasons, Bartrum's motion will be DENIED.

### I.  LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security; therefore, Michael J. Astrue is automatically substituted for Jo Anne B. Barnhart as the Defendant in this case. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II.  DISCUSSION

In its Order, the Court reversed and remanded the Commissioner's decision, concluding that "the ALJ's basis for summarily discrediting Bartrum regarding her need to elevate her leg was patently wrong." (Order 15.)  The Commissioner, however, argues that it "had a rational

2

basis for defending the ALJ's rejection of [Bartrum's] alleged need to elevate her legs, as well as a rational basis for its defense as a whole." (Def.'s Objection to Pl.'s Application for EAJA Fees 4.)  The Commissioner's argument ultimately has merit.

In his decision, the ALJ concluded that Bartrum's subjective complaints were not fully credible because, among other things, "[t]he medical evidence does not support the claimant's alleged need to elevate her legs while sitting." (Tr. 23.)  Though this assessment was "patently wrong" because there were at least two entries in Bartrum's medical record supporting her alleged need to elevate her left leg, *none* of Bartrum's physicians explicitly stated that Bartrum needed to elevate her left leg. (Order 14-15.)  Rather, Bartrum's physicians recommended that she take medication and quit smoking to help alleviate her circulatory problems. (Order 5-7.)

Furthermore, as the Court noted in its Order, the ALJ provided numerous *other* valid reasons for discrediting Bartrum's testimony (Order 14 n.7, 15), discussing various factors articulated in Social Security Ruling 96-7p, including Bartrum's treatment measures, her medication, and her activities of daily living. *Compare Cunningham*, 440 F.3d at 865 (finding the government's position regarding the ALJ's credibility determination substantially justified, "even though the ALJ was not as thorough in his analysis as he could have been"), *with Golembiewski*, 382 F.3d at 724 (finding the Commissioner's position not substantially justified because "the ALJ's decision contained no discussion of credibility and . . . failed to apply the factors for evaluating symptoms set forth in Social Security Ruling 96-7p").

The Seventh Circuit Court of Appeals has specifically stated that "being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).  At the end

of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Hallmark Constr.*, 200 F.3d at 1081; *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments but rather focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). Here, considering that none of Bartrum's physicians explicitly instructed her to elevate her leg while sitting, the Commissioner had a rational basis for defending the ALJ's rejection of Bartrum's purported need to elevate her legs; moreover, the Commissioner's defense of the ALJ's credibility determination as a whole was also rational, considering that the ALJ provided numerous other valid reasons for finding that Bartrum's testimony was not fully credible. *See Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994); *Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996) ("[N]ot having an adequate factual basis for a decision would be unreasonable and would render the decision not substantially justified.").

Consequently, the Commissioner has carried its burden of establishing that its defense of the ALJ's decision was substantially justified, *Cunningham*, 440 F.3d at 864, and thus Bartrum is not entitled to an award of fees. Therefore, Bartrum's motion for fees in the amount of $5,605.20 will be DENIED.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was substantially justified. Therefore, Bartrum's motion (Docket # 23) and supplemental motion for

4

attorney's fees (Docket # 33) is DENIED.

     SO ORDERED.

     Enter for December 14, 2007.

                                         S/ Roger B. Cosbey
                                         Roger B. Cosbey,
                                         United States Magistrate Judge